# IN THE SUPREME COURT OF IOWA

No. 17–1798

Filed June 28, 2019

**STATE OF IOWA,**

Appellee,

vs.

**KAYLA HAAS,**

Appellant.

---

Appeal from the Iowa District Court for Story County, Steven P. Van Marel (suppression) and James Malloy (trial and sentencing), District Associate Judges.

A defendant appeals the judgment and sentence imposed following her conviction for driving while barred. **AFFIRMED.**

Mark C. Smith (until withdrawal), State Appellate Defender, Nan Jennisch, Assistant Appellate Defender, and Nicholas Jones, Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Jessica Reynolds, Story County Attorney, and Jonathon Holscher, Assistant County Attorney, for appellee.

**PER CURIAM.**

Kayla Haas was convicted of driving while barred. On appeal, Haas challenges the district court's ruling denying her motion to suppress on the grounds she was subject to an impermissible pretextual seizure. She also challenges the reasonable suspicion of her stop. Further, Haas argues her counsel was ineffective and the district court improperly assessed court costs and attorney fees. We retained Haas's appeal.

As to Haas's challenge of her denied motion to suppress, we affirm the district court's denial. "When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Coffman*, 914 N.W.2d 240, 244 (Iowa 2018) (quoting *State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017)). In *State v. Brown*, ___ N.W.2d ___, ___ (Iowa 2019), we determined the subjective motivations of an individual officer in making a traffic stop under article I, section 8 of the Iowa Constitution are irrelevant as long as the officer has objectively reasonable cause to believe the motorist violated a traffic law. There, consistent with precedent in Iowa, we affirmed the district court's determination that the subjective reasoning in the decision to stop the motorist did not matter because the officer objectively observed traffic violations.

We also affirm the district court judgment on Haas's second challenge, whether her stop was supported by reasonable suspicion. The standard of review for a constitutional search and seizure challenge is de novo. *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010). We do not believe the officers violated article I, section 8 of the Iowa Constitution when they stopped Haas based on reasonable suspicion that she was driving while barred. At the very least, the officers had reasonable suspicion to stop

Haas's vehicle after they observed her and two other people getting into the vehicle before leaving the area.

A traffic stop is generally reasonable, and thus constitutional under state and federal search and seizure provisions, if the police have probable cause or reasonable suspicion to believe that the motorist violated a traffic law. *Navarette v. California*, 572 U.S. 393, 401–02, 134 S. Ct. 1683, 1690 (2014); *Whren v. United States*, 517 U.S. 806, 809–810, 116 S. Ct. 1769, 1772 (1996); *State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). In *Vance*, we held reasonable suspicion existed to support a traffic stop to investigate the validity of the motorist's driver's license "when the officer knows the registered owner of the vehicle has a suspended license, and the officer is unaware of any evidence or circumstances indicating the registered owner is not the driver of the vehicle." 790 N.W.2d at 781. In doing so, we explained, "[I]t is reasonable for an officer to infer the registered owner of the vehicle will do the vast amount of the driving." *Id.* Thus, "it is sufficiently reasonable to generate reasonable suspicion for an investigatory stop to resolve the ambiguity as to whether criminal activity is afoot." *Id.* at 781–82. Yet, we also noted that reasonable suspicion would disappear if the officer obtained information suggesting that the driver is not the owner of the vehicle. *Id.* at 782.

Haas claims the police were aware of circumstances that invalidated their assumption that Haas was driving the vehicle when they made the traffic stop. Namely, Haas points out that the officers in this case did not know her and observed three people enter the vehicle but did not see which of the three was driving. However, these circumstances do not invalidate the officers' assumption that Haas was driving her own vehicle when they made the traffic stop.

Prior to initiating the traffic stop, the officers ran the license plate of the vehicle. They identified Haas as the registered owner and discovered that she had a suspended license. Soon after, the officers saw a woman that "appeared to be" Haas and two males leave the residence they were observing. Though the officers did not see who was driving the vehicle, it was still reasonable to assume that Haas, as the registered owner of the vehicle, would be doing "the vast amount of the driving." *Id.* at 781.

We upheld the reasonableness of the search in *Vance* based on the officer's observation that the vehicle was registered to an owner with a suspended license despite the fact that the officer did not know the owner and "was unable to observe the sex or the identity of the driver." *Id.* at 783. Likewise, the fact that the officers in this case could not observe the driver's sex or identity does not invalidate their assumption that Haas was driving her vehicle. Consequently, we affirm the district court's judgment because there was reasonable suspicion to initiate an investigatory stop of the vehicle Haas was operating.

Haas's ineffective-assistance claim that her trial counsel was ineffective for declining to challenge whether the license plate was malfunctioning fails on the merits. We review claims of ineffective assistance de novo. *State v. Harrison*, 914 N.W.2d 178, 187–88 (Iowa 2018). The United States Constitution and the Iowa Constitution provide defendants with the right to effective assistance of counsel. U.S. Const. amend. VI; Iowa Const. art. I, § 10. We generally preserve ineffective-assistance claims for postconviction-relief proceedings so the parties can "develop an adequate record of the claims" and counsel charged with ineffective assistance has the chance to respond to the claims. *Harrison*, 914 N.W.2d at 206. Nevertheless, we may resolve these claims on direct

appeal when the record is adequate, as is the case here since it involves video evidence. *See id.*

"Ineffective-assistance-of-counsel claims require a showing by a preponderance of the evidence both that counsel failed an essential duty and that the failure resulted in prejudice." *Id.* at 188 (quoting *State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016)). The defendant must show both prongs of this test have been met. *Id.* at 206. In analyzing the defendant's claims, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016)).

Counsel fails an essential duty if he or she "perform[s] below the standard demanded of a reasonably competent attorney." *Id.* (quoting *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (en banc)). Prejudice results from this failure when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)). A reasonable probability exists if the probability is "sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). Ultimately, Haas must show that "absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* (quoting *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2068–69).

Haas argues that the dash-cam video shows her vehicle had an illuminated license plate that was not malfunctioning in any form. Iowa Code section 321.388 requires a white, electric light to illuminate a rear license plate to a distance of fifty feet. Iowa Code § 321.388 (2017). The

Iowa Code also requires reflective coating on license plates. *Id.* § 321.35. The absence of these equipment features serves as reasonable suspicion to justify an investigatory stop. *See State v. Lyon*, 862 N.W.2d 391, 398 (Iowa 2015).

The only time Haas's vehicle appears to have the reflective coating is when the patrol car illuminates the vehicle's license plate. Otherwise, the license plate only reflects ambient light when the vehicle is away from the lights of the police vehicle, demonstrating a malfunction. Haas's counsel did not breach an essential duty in declining to challenge whether the license plate was properly illuminated since the video evidence does not contradict the officer's testimony that the plate light was not working. Further, even if counsel's decision not to challenge the functionality of the license plate light did breach an essential duty, this decision did not result in prejudice since the officers already had reasonable suspicion to make the investigative stop due to their inference that Haas was driving with a suspended license. Therefore, Haas failed to meet her burden to show counsel was ineffective in deciding not to challenge whether the license plate was functioning.

Finally, we reject Haas's claim that the district court erred in requiring her to repay the costs of her appointed attorney without considering her reasonable ability to pay. "Our review of a restitution order is for correction of errors at law." *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004). The district court may order a person to compensate the State for the costs of court-appointed representation. Iowa Code § 815.9(3); *id.* § 910.2(2). Before doing so, the district court must "determine the defendant's reasonable ability to pay the attorney fees." *State v. Coleman*, 907 N.W.2d 124, 149 (Iowa 2018).

The district court did contemplate Haas's reasonable ability to pay her court-appointed attorney fees. After Haas filed an indigent defense notice on October 20, 2017, the district court entered judgment and imposed a fine, surcharge, and costs that included "repayment of court appointed attorney fees, if any." The district court also noted, "[T]he Defendant has the ability to re-pay court-appointed attorney fees and the same are ordered."

After Haas's notice of appeal, she submitted three more indigent defense claim forms. The district court entered an order on January 29, 2018, ordering Haas to pay a $38.50 claim for attorney fees based on its finding that she "ha[d] the ability to pay the . . . fees." The district court's statements in its orders regarding the fees contradict Haas's claim that "[t]he record reflects no consideration of Haas's reasonable ability to pay."

In any event, the district court later rescinded a legal fee assessment of $136.50 due to Haas's appeal, explaining that "the fees ordered should not have been assessed at this time." It does not appear there was a plan of restitution in place when Haas filed her appeal, so "the court is not required to consider the offender's reasonable ability to pay." *State v. Albright*, ___ N.W.2d ____, ____ (Iowa 2019). We affirm the restitution part of the sentencing order.

**AFFIRMED.**

All justices concur except Cady, C.J., who concurs in result only, and Appel and Wiggins, JJ., who dissent.

This opinion shall be published.

**APPEL, Justice (dissenting).**

I respectfully dissent. Consistent with my dissent in *State v. Brown*, ___ N.W.2d ___, ___ (Iowa 2019) (Appel, J., dissenting), and for the reasons expressed below, I would vacate the decision of the district court and remand for further proceedings.

### I. Introduction.

In this case, Kayla Haas, the driver of a vehicle, challenges the validity of a stop of her automobile made by law enforcement that resulted in her arrest for driving while barred. Haas asserts the evidence that arose from the stop—namely that she was driving the vehicle—should be suppressed because the real purpose of the stop was not traffic safety but rather to engage in a warrantless search and seizure of the vehicle for an investigative purpose unrelated to the rationale for the traffic stop. The district court denied Haas's motion to suppress and found her guilty of driving while barred.

### II. Factual and Procedural Background.

**A. Background Facts.** Ames police received complaints about potential drug activity at a house. The police put the house under surveillance beginning on or about June 2, 2017. On June 8, the police executed a search warrant looking for drugs and stolen property. The record does not reveal the results of that search.

On June 9, police, who were parked down the block from the residence under surveillance, spotted a Ford Explorer parked outside the residence. The officers ran a license plate check on the Explorer that revealed the vehicle was owned by Haas. The police further learned that the owner of the vehicle, Haas, had been barred from driving due to prior violations.

The officers observed three people loading items into the vehicle. They further saw three people get into the vehicle but did not know who was driving. The officers at first lost track of the vehicle but then found it again on the road and followed the vehicle for a couple of turns. The officers then allegedly observed that the license plate light was not working, activated their lights, and stopped the vehicle.

After the stop, the officers identified Haas as the driver of the vehicle and placed her under arrest for driving while barred. The vehicle was seized and towed. Police conducted an inventory search of the contents of the vehicle, finding nothing incriminating. Hass was subsequently charged with driving while barred in violation of Iowa Code section 321.560 (2017).

**B. Proceedings on Motion to Suppress.** Haas filed a motion to suppress the evidence obtained in the course of the police stop of her vehicle. In the motion, Haas claimed she was subject to a pretextual stop in violation of article I, section 8 of the Iowa Constitution. In light of the motion, the district court held a suppression hearing.

Ames police officer Steven Spoon testified on behalf of the State. He said that he and his partner were members of the safe neighborhoods team, a unit that worked in higher crime areas. Spoon noted he was one of the officers who participated in the surveillance of the residence on the night of June 9.

Spoon testified that the safe neighborhoods team did not typically engage in traffic stops. Yet, in the two days prior to June 9, Spoon participated in two traffic stops of persons entering and leaving the residence in question.

Spoon testified that his partner ran a search on a vehicle parked in front of the house and determined the registered owner, Haas, was barred

from driving due to previous traffic violations. Spoon told the court that three persons were seen coming out of the residence and entering the vehicle. Spoon asserted the officers could not tell who was driving.

Spoon testified that the vehicle pulled away from the house and the officers intended to follow the vehicle but lost it. Spoon noted, however, that the vehicle soon reappeared. A video offered into evidence showed the patrol car followed the vehicle for a couple of turns. At that point, Spoon testified, he noticed the license plate lamp was out on the vehicle. Spoon then initiated a stop of the vehicle.

Spoon declared he approached the vehicle and determined Haas was the driver. Spoon placed Haas under arrest for driving while barred. After the arrest of Haas, the vehicle was impounded and a search conducted.

During the search of the vehicle, Spoon and other officers found a laptop computer. Spoon opened the computer and ran the serial number through dispatch to determine if it had been stolen. Police also found some watches, tools, and a firefighter's jacket that the officers believed could be valuable. An inventory prepared did not mention the watches or firefighter's jacket and did not list the tools that were found within the car.

The district court denied the motion to suppress. The district court reasoned that the officers involved in the stop "probably [had] a duty to stop somebody who they believed was committing the offense of driving while barred." The district court stated that although law enforcement had information about criminal activity at the house and were "maybe even hoping they would get the car driving away," the district court did not think the stop was pretextual.

In any event, the district court held that even if the stop was pretextual, it would not be a violation of the Iowa Constitution. The district court observed that probable cause to stop the vehicle existed for two

reasons: driving while barred and operating a vehicle with an inoperable license plate light.

### III. Standard of Review.

This court reviews constitutional issues de novo. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). In engaging in de novo review, we "independently evaluate the totality of the circumstances found in the record." *State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010).

### IV. Discussion.

This case is a companion case to *Brown*, ___ N.W.2d ___ (majority opinion). In *Brown*, the appellant claimed that a traffic stop executed by police was pretextual in nature, and as a result, the stop was unconstitutional under article I, section 8 of the Iowa Constitution. *Id.* at ___.

In my dissenting opinion in *Brown*, I explain that a pretextual traffic stop is unlawful under the Iowa Constitution but that the state should have the opportunity to show the underlying traffic stop would have occurred even without the pretextual motivation. *Id.* at ___ (Appel, J., dissenting). In this case, after a suppression hearing, the district court concluded the stop was not pretextual, and in any event, pretextual stops were not unconstitutional under article I, section 8 of the Iowa Constitution.

The district court in this case did not consider the precise factual question of whether the traffic stop "would have" been made without the larger pretextual investigative motive. While the district court speculated that the officers "probably [had] a duty" to stop the vehicle based on the possibility the driver was driving while barred, the record shows that the police did not immediately stop the vehicle when it drove away from the house based on a reasonable suspicion of a driving-while-barred violation.

Instead, the officers followed the vehicle for a distance and only instigated the stop after uncovering an alleged equipment violation related to the license plate lights. This behavior arguably suggests that the officers, whether right or wrong, may have believed they did not have grounds to stop the vehicle based on Haas driving while barred. The question thus arguably becomes whether the stop for a license plate violation would have occurred without the pretextual investigative motivation.

In any event, I would not make the necessary factual determination on appeal. That is the job of the district court. Because the district court did not make a factual determination of whether the stop would have occurred in any event, I would vacate the order denying the motion to suppress and remand the case to the district court for further proceedings.

**V. Conclusion.**

For the above reasons, I would vacate the order denying suppression and remand the case to the district court for further proceedings.

Wiggins, J., joins this dissent.